**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROSALIE GROTHAUS; SALLY K.
TAYLOR,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 00-7045

(E. District of Oklahoma)

(D.C. No. 99-CV-80-P)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McWILLIAMS** , and **REAVLEY** **, Circuit Judges.

Native Americans Rosalie Grothaus and Sally Taylor appeal from dismissal

for lack of subject matter jurisdiction of their action against the federal

government. Below, they alleged that a Department of the Interior attorney

committed malpractice by taking a litigating position contrary to their interests in

a pleading he filed for the Department in a garnishment proceeding. On appeal,

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**Honorable Thomas M. Reavley, United States Senior Circuit Judge for the
Fifth Circuit, sitting by designation.

they claim that the district court erroneously applied the discretionary function exception of the Federal Torts Claims Act (FTCA)[1] in dismissing their action. We agree with the district court that the discretionary function exception applies in this case.

In *Black Hills Aviation, Inc. v. United States*,[2] we explained that the discretionary function exception involves a two-pronged analysis. Under the first prong, the court "must determine whether a specific and mandatory regulation, statute or policy requires a particular course of action."[3] If so, the exception does not apply. If there is no such mandate, the court must proceed to the second prong and "determine whether the discretion involved in the governmental act . . . [was] 'based upon considerations of public policy.'"[4]

Under the first prong of the analysis, Grothaus and Taylor argue that the Act of August 4, 1947 (1947 Act),[5] and the federal government's general trust obligations mandated that the government represent their interests in the garnishment proceeding. But we agree with the district court that the garnishment

---

[1] 28 U.S.C. § 2680(a).

[2] 34 F.3d 968, 972-73 (10th Cir. 1994).

[3] *Id.* at 972.

[4] *Id.* at 973 (quoting *Berkovitz v. United States*, 486 U.S. 531, 537 (1988)).

[5] Ch. 458, 61 Stat. 732 (also known as the Stigler Act).

proceeding did not constitute the type of conveyance of land contemplated by the 1947 Act and that nothing in the government's trust obligations required it to represent Grothaus or Taylor's interests in the proceeding. Rather, the government's appearance in the proceeding was discretionary under section 3 of the Act of April 12, 1926 (1926 Act),[6] and under 25 C.F.R. § 16.3. Furthermore, no claim can be made that any regulation, statute or policy required the government to take any specific position in the proceeding. Thus, we proceed to the second prong of the analysis.

Under the second prong, Grothaus and Taylor argue that the position the Department took in the garnishment proceeding did not implicate public policy. But in United States v. Gaubert,[7] the Supreme Court concluded that the existence of a regulation conferring discretion on a government employee creates a "strong presumption" that the exercise of that discretion is grounded in policy. 25 C.F.R. § 16.3 confers such discretion here.[8] Grothaus and Taylor cannot overcome this presumption.

Accordingly, the judgment of the district court is AFFIRMED.

---

[6] Ch. 115, 44 Stat. 239.

[7] 499 U.S. 315, 324 (1991).

[8] 25 C.F.R. § 16.6 authorizes attorneys appearing in state court under § 16.3 to take such actions as the Secretary of the Interior could take were he appearing personally.

ENTERED FOR THE COURT

Thomas M. Reavley
Senior Circuit Judge